UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
COLOMBIA B.N.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                          7:21-CV-10622-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In December of 2019, Plaintiff Colombia B.N.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Manhattan Legal Services, Gerald Sylvester Williams, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 25).

This case was referred to the undersigned on October 24, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 16,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

27). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on December 27, 2019, alleging disability beginning August 1, 2018. (T at 15).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on January 13, 2021, before ALJ Mark Solomon. (T at 40). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 46-55). The ALJ also received testimony from Warren Maxim, a vocational expert. (T at 55-58).

### B. ALJ's Decision

On March 19, 2021, the ALJ issued a decision denying the application for benefits. (T at 9-27). The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2020 (the date last insured). (T at 17-18). The ALJ concluded that, as of the date last insured, Plaintiff's sleep apnea and

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12

migraine headaches were severe impairments as defined under the Act. (T at 18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but needed to avoid working at unprotected heights and with hazardous machinery. (T at 19).

The ALJ concluded that Plaintiff could perform her past relevant work as a sales clerk and cashier/laborer. (T at 22).  As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 1, 2018 (the alleged onset date) and December 31, 2020 (the date last insured). (T at 23).  On October 8, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

C.   Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on December 10, 2021. (Docket No. 2).  On June 15, 2022,

the Commissioner filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 16, 17).  Plaintiff interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on October 18, 2022. (Docket Nos. 27, 28).  On November 9, 2022, the Commissioner submitted a reply memorandum of law in further support of her motion. (Docket No. 29).

## II.  APPLICABLE LAW

### A.  Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

   B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

5

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she argues that the ALJ failed to adequately develop the record.  Second, Plaintiff contends that the ALJ erred in discounting her credibility.  This Court will address both arguments in turn.

### A.  *Duty to Develop the Record*

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel,* 174 F.3d 59 (2d Cir.1999)).

In the present case, the record does not include an assessment of Plaintiff's functional limitations from a treating provider. Plaintiff argues that a remand is required for further development of the record, to include an assessment from one of her treating providers.

The absence, however, of a medical source statement from a treating physician does not warrant remand if "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33–34 (2d Cir.2013); *see also, e.g., Pellam v. Astrue*, 508 F. App'x 87, 90–91 (2d Cir.2013) (holding that ALJ was not required to obtain medical source statement from treating doctor because the record contained the treating physician's treatment notes and the consultative examining physician's opinion largely supported the ALJ's RFC determination); *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir.1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information .... ")(quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir.1996)).

Here, the ALJ obtained treatment records from the relevant period, including records from Plaintiff's primary care physician. (T at 73-74, 243-336, 361-403). The ALJ carefully reviewed and thoroughly discussed the

record, reasonably reading the record as inconsistent with claims of disabling pain and limitation. (T at 20-21).

In addition, the record includes three medical opinions.

Dr. Silvia Aguiar performed a consultative examination in March of 2020. During the examination, Plaintiff demonstrated normal gait and stance, walked on heels and toes without difficulty, and had unremarkable musculoskeletal findings, including full range of motion. (T at 338-39).

Dr. Aguiar found no sensory deficits, noted full strength in the upper and lower extremities, and discovered no muscle atrophy. (T at 338). Dr. Aguiar opined that Plaintiff should avoid positional activities that require balance due to her history of sleep apnea, but otherwise assessed no functional limitations. (T at 339).

In August of 2020, Dr. Patel, a non-examining State Agency review physician, opined that Plaintiff did not have any severe impairments within the meaning of the Social Security Act. (T at 64-65). Dr. Ahmed, another State Agency review physician, shared this assessment. (T at 74-75).

The ALJ carefully reviewed and reconciled the medical opinion evidence, finding that Plaintiff did have severe impairments, did not have balance issues that would limit her ability to work, but did need to avoid heights and hazardous machinery. (T at 21-22). *See Trepanier v. Comm'r*

*of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(holding that ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law).

Plaintiff cites cases in which remand was directed based upon an ALJ's failure to obtain an assessment from a treating physician.

Those cases, however, are distinguishable because remand in those cases was required because the ALJs there failed to provide an adequate explanation for their decision, relied on medical opinions that were arguably "stale" (or based on an incomplete treatment record), and/or where the underlying treatment record suggested significant limitation. *See, e.g., Russ v. Comm'r of Soc. Sec.*, 582 F. Supp. 3d 151, 164 (S.D.N.Y. 2022)("The ALJ thus had no opinion from any medical source, treating or otherwise, as to the significance of the additional records or their implication for Ms. Russ's functional abilities."); *Lecler v. Barnhart*, No. 01 CIV. 8659(SHS), 2002 WL 31548600, at *6 (S.D.N.Y. Nov. 14, 2002)("The ALJ, in his rationale and findings, made no reference to Dr. Rosenberg's report even though it was the only medical evidence that spoke directly to Lecler's exertional capabilities.").

A remand is not warranted in cases where, as here, the ALJ obtained the relevant treatment records, undertook a "longitudinal review of the objective record evidence," and reasonably reconciled the medical opinion evidence. *See, e.g., Grattan v. Comm'r of Soc. Sec.*, No. 18-CV-808SR, 2020 WL 1514780, at *5 (W.D.N.Y. Mar. 30, 2020); *Prince v. Colvin*, No. 13 CIV. 7666 TPG, 2015 WL 1408411, at *17 (S.D.N.Y. Mar. 27, 2015)

Plaintiff also argues that the ALJ cannot rely on Dr. Aguiar's opinion because the consultative examiner did not express a specific opinion regarding Plaintiff's functional limitations (other than noting concerns regarding balance).

The ALJ "is entitled to rely not only on what the record says, but also on what it does not say." *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983); *accord Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) ("[I]t was proper for the ALJ to rely on the absence of findings by any physician concerning plaintiff's alleged inability to sit for prolonged periods in deciding that she could resume her work.").

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can

11

reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

In the present case, the record contains all the treatment records from the relevant time period, the ALJ obtained a consultative examination, and considered complete assessments from two State Agency review physicians.  The ALJ reasonably reconciled the evidence and medical opinions and reached a conclusion supported by substantial evidence.  No further development of the record was (or is) required to sustain the ALJ's decision under the deferential standard of review applicable here.

### B. Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id.* (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the

14

claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She was born, and attended school, in the Dominican Republic. (T at 46). She emigrated to the United States in April of 1979. (T at 46). She speaks and understands basic conversational English and can read and write "[a] little" English. (T at 46).

Initially, she claimed disability based on sleep apnea and headaches, but later explained that pain in her stomach, leg, and back were also disabling. (T at 47). She uses a CPAP machine, but still has trouble sleeping. (T at 47-48). Headaches are a daily issue, causing light and noise sensitivity, along with stomach pain. (T at 48). She treats her leg and back pain with Tylenol and ibuprofen. (T at 48).

Plaintiff lives alone and completes her activities of daily living with help from her daughter. (T at 48-49). She prepares simple meals and attends to basic household chores. (T at 49). She can sit for about an hour, stand for 2 hours, and walk about a block. (T at 49-50).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerned in the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (T at 21).

The Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.

An ALJ has the discretion to discount a claimant's subjective complaints where those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Here, as discussed above, the ALJ reasonably read the treatment record and reconciled the medical opinions to conclude that they did not support the disabling pain and limitation alleged by Plaintiff.

Sleep studies showed that Plaintiff's symptoms improved with migraine medication and the use of the CPAP. The ALJ reasonably found the physical examination results generally unremarkable and he reasonably concluded that the documented reports of Plaintiff's subjective complaints were not consistent with what one expect if Plaintiff was experiencing disabling symptoms. (T at 20-22, 244-45, 252-53, 257, 262, 266-67, 270, 272, 274-75, 277-78, 285, 309, 305-06, 383-84, 388).

This was sufficient to sustain the ALJ's determination under the deferential standard of review applicable here. *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."); *DeJesus v. Colvin,* 12 Civ. 7354, 2014 U.S. Dist. LEXIS 22238, at *63 (S.D.N.Y. Jan. 23, 2014) ("[T]he ALJ properly chose to give little weight to [claimant's] unsupported complaints and claims given that he analyzed them in light of

the objective medical evidence in the record."); *see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).[3]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 27) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED; and this case is DISMISSED.

Dated: January 23, 2023            *s/ Gary R. Jones*
　　　　　　　　　　　　　　　　　　GARY R. JONES
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3] Plaintiff also challenges the hypothetical questions presented to the vocational expert during the administrative hearing, arguing that the questions did not include all her limitations.  However, this is a restatement of Plaintiff's other challenges to the ALJ's determination and lacks merit for the same reasons.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").